- IN THE UNITED STATES DISTRICT COURT

    FOR THE DISTRICT OF NEW MEXICO

**KATE A. GARCIA,**

     Plaintiff,

vs.                                             Civ. No. 97-652 LH/DJS

**KENNETH S. APFEL,
Commissioner of Social Security,**[1]

     Defendant.


**MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION**[2]

    l.  Plaintiff invokes this Court's jurisdiction under 42 U.S.C. §405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner determined that Plaintiff is not eligible for disability insurance benefits. Plaintiff moves this Court for an order reversing the Commissioner's final decision or remanding this matter for a rehearing. The Court will review the Commissioner's

---

    [1] Kenneth S. Apfel was sworn in as Commissioner of Social Security on September 29, 1997. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Kenneth S. Apfel should be substituted therefore, for Acting Commissioner John J. Callahan as the Defendant in this suit.

    [2] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. Section 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party seeks appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner applied correct legal standards in making his findings. Williams v. Bowen, 844 F.2d 748 (10th Cir. 1988).

**Administrative History**

2.   Plaintiff applied for Supplemental Security Income (SSI) benefits on August 1, 1991 and Social Security Disability Insurance benefits on August 29, 1994 alleging a disability which commenced August 23, 1994.  Tr. 12 and 13. The Administrative Law Judge (ALJ) found that Plaintiff was not disabled.  Tr. 18.  The Appeals Council denied Plaintiff's request for review.  Tr. 6.  The decision of the ALJ therefore became the final decision of the Commissioner for judicial review purposes.

**Statement of the Facts**

3.   Plaintiff alleges a disability due to vertigo, headaches, generalized weakness, dysthymic disorder and somatoform disorder. Tr. 12, 13..  Plaintiff was born on September 29, 1936.  Plaintiff has a GED.  Tr. 85.  Her past relevant work was as a food service worker.  Id.

**Issues**

4.   Plaintiff alleges the ALJ made four errors. Specifically Plaintiff claims that: (1) the ALJ erred by failing to consider Plaintiff's impairments in combination at step three of the sequential evaluation; (2) the ALJ erred when he found that

2

Plaintiff did not meet or equal the listings; (3) the ALJ erred when he improperly discredited Plaintiff's complaints of pain; and (4) the ALJ failed to make a proper step four analysis in the sequential evaluation.

**The Standard of Review**

5.   The function of this Court on review is not to try the Plaintiff's claim *de novo*, but to determine upon the whole record whether the Commissioner's decision is supported by substantial evidence.  Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992).  Substantial evidence is more than a scintilla but less than a preponderance of the evidence. Richardson v. Perales, 402 U.S. 389, 401 (1971).  It is such relevant evidence as reasonable minds might accept as adequate to support a conclusion.  Id.  It is well settled that if there is substantial evidence to support the Commissioner's decision then that decision must be upheld.  However, the district court should not blindly affirm the Commissioner's decision but must instead scrutinize the entire record to determine if the Plaintiff's claim is supported by substantial evidence and the law has been correctly applied.  Hogan v. Schweiker, 532 F.Supp. 639, 642 (D.Colo. 1982).

6.   The Plaintiff must first make a *prima facie* showing of an impairment which effectively precludes her from returning to her past work.  Once that showing is made, the burden shifts to the Commissioner to show:  (1) that the Plaintiff, considering her age,

education, work experience and physical shortcomings, has the capacity to perform alternative jobs and (2) that these specific types of jobs exist in significant numbers in the economy.  Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); Salas v. Califano, 612 F.2d 480, 482-83 (10th Cir. 1979); Gardner v. Brian, 369 F.2d 443, 446-47 (10th Cir. 1966).

    7.   To regularize the adjudicative process, the Social Security Administration promulgated regulations which establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. §404.1520.  At the first three levels of the sequential evaluation process, the claimant must show: (1) that she is not engaged in substantial gainful employment;  (2) that she has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; and (3) that her impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1.  If the claimant cannot show that she has met or equaled a listing, she must show at step four that she is unable to perform work she had done in the past.  At the fifth step, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other substantial gainful activity considering her age, education, and prior work experience.  If a determination of disabled or not disabled is found at any step, further inquiry is not required.  20 C.F.R. §404.1520.

    8.   Upon reaching the fifth step of the sequential evaluation

process, the Medical-Vocational Guidelines (grids) are used in determining whether disability exists. 20 C.F.R. Part 404, Subpt. P, App. 2. These grids reflect the existence of jobs in the national economy at various residual functional levels by incorporating administrative notice of some occupational publications and studies. 20 C.F.R. §404.1566(d). This aids the Commissioner in determining what specific job types exist in the national economy for the claimant. To apply the grids, the ALJ must make findings of fact as to age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1545, 404.1563-.1565. These findings of fact are factored into the grids to produce a factual conclusion of disabled or not disabled. 20 C.F.R. §404.1569. The grids assume that the claimant's sole limitation is lack of strength, i.e., an exertional impairment. 20 C.F.R. Part 404, Subpt. P, App. 2, §200.00(e)(2).

9. Where a claimant presents evidence of both exertional and nonexertional impairments (such as pain, inability to maintain concentration, and substance abuse), the grids are not conclusive but merely form a framework for disability determination. Id. In that situation, the ALJ must make findings on how much a claimant's work ability is further diminished by the nonexertional limitations. Id. If the claimant's nonexertional limitations are significant enough to reduce further his or her work capacity, the ALJ may not rely upon the grids but instead must give full consideration to all relevant facts, including vocational expert

testimony if necessary, in determining whether the claimant is disabled. Id.; Channel v. Heckler, 747 F.2d 577, 583 (10th Cir. 1984). However, the mere presence of nonexertional impairments does not automatically preclude reliance on the grids. Ray v. Bowen, 865 F.2d 222, 225 (10th Cir. 1989); Gossett v. Bowen, 862 F.2d 802, 807-08 (10th Cir. 1988); Channel, 747 F.2d at 582 n. 6.

**Discussion**

10.   The ALJ must consider all of Plaintiff's impairments in combination. 20 C.F.R. §§404.1526(a) and 416.926(a); Hargis v. Sullivan, 945 F.2d 1482, 1491 (10th Cir. 1991). In this case the ALJ did consider whether Plaintiff's alleged mental impairment met any Listed Impairments, specifically sections 12.04 and 12.07. Tr. 13. The ALJ then mentions in his findings that the combination of impairments do not meet any Listings Impairments. Tr. 18. This is insufficient. Conclusory statements without analysis er an error of law. Blankenship v. Bowen, 874 F.2d 1116, 1124 (6th Cir. 1989).

11. The ALJ must give substantial weight to a treating physician's opinion. Sorenson v. Bowen, 888 F.2d 706, 711 (10th Cir. 1989). In this case, Plaintiff's treating physician found that Plaintiff was "chronically depressed and has symptoms of pseudo dementia which result in poor ability to concentrate and poor short term memory." Tr. 186. In her medical assessment, Dr. Kodis, the treating physician rated Plaintiff's ability to perform work-related activities as "fair" or "poor" in twelve areas. Tr.

6

186-87.  This is evidence of disability.  <u>Cruse v. U.S. Department of Health and Human Services</u>, 49 F.d. 614, 618 (10th Cir. 1995). If the ALJ rejects the treating physician's opinion, he must give specific reasons.  <u>Kemp v. Bowen</u>, 816 F.2d 1469, 1476 (10th Cir. 1987).  The only reasoning stated by the ALJ was that Plaintiff could not be "so restricted in work-related activities, yet was found capable of managing her own funds."  Tr. 15.  This is insufficient.

    12.  Substantial evidence does not support the Alj's finding that Plaintiff's pain does not significantly reduce her ability to perform her past relevant work.  It appears that the ALJ incorrectly relied on evidence of Plaintiff's daily activities. <u>Thompson v. Sullivan</u>, 987 F.2d 1482, 1490(10th Cir. 1993). Further, Plaintiff's treating physician specifically wrote that Plaintiff's "<u>psychological</u> reaction to work is only part of her disability as I see it. [Ms. Garcia} suffers from chronic headaches and, use of over the counter pain meds has resulted in ulcers, anemia and the <u>physical</u> symptoms associated with chronic pain and anemia..." (Emphasis in original).  Again, without specifically stating why, the ALJ erred in not analyzing this evidence.

    13.  The ALJ erred at step four.  At step four the ALJ must make specific findings.  <u>Winfrey v. Chater</u>, 92 F.d. 1017, 1023 (10th Cir. 1996).  He must "review the claimant's residual functional capacity 'and the physical and mental demands of the work...done in the past." 20 C.F.R. §404.1520(e).  The ALJ did not

7

give weight to Plaintiff's nonexertional impairment in his analysis of her residual functional capacity.  This was apparently because the ALJ rejected the opinions of Plaintiff's treating physician. If the ALJ erred in rejecting the opinion, he erred in his step four analysis and his questions to the vocational expert.  <u>Hargis</u>, 945 F.2d 1482, 1492 (10th Cir. 1991).

### Recommended Disposition

For these reasons, I recommend that Plaintiff's Motion to Remand be granted and that further proceedings be held consistent with this opinion.

_____
Don J. Svet
**UNITED    STATES    MAGISTRATE    JUDGE**